IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LENNI WILKES,

        Plaintiff,                    No. CIV S-10-2706 DAD P

    vs.

J. NEPOMUCENO,

        Defendant.             ORDER

           Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

           Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

           Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $5.00 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

      Here, plaintiff claims that the medical treatment he has received in prison violates the Eighth Amendment prohibition against cruel and unusual punishment. In this regard he alleges as follows. On June 26, 2009, while playing handball, plaintiff torn his left bicep tendon. There is a short time limit for performing surgeries to repair such a torn tendon in order to ensure proper healing. However, plaintiff did not receive his surgery until mid-August of 2009. According to the first level response to his inmate grievance, an investigation was conducted and plaintiff was told that surgical repair of the tendon is the treatment for "'the *young*, athletic patient.'" (Compl. (Doc. No. 1) at 13.) Prison officials advised plaintiff that for older patients, such as himself, the injury "'can be treated conservatively with immobilization.'" (Id.) On July 14, 2009, plaintiff was transported to Reno Orthopedics Hospital, but because of budgetary constraints, he was not admitted. Subsequently, surgery was performed on plaintiff at a hospital in Redding, California. According to the response of prison officials to his inmate appeal, as a result of his treatment plaintiff had "some decreased strength" in his left arm but "most likely [you] would have decreased strength in your left arm regardless of whenever the surgery was completed." (Id.) Plaintiff contends that the delay of prison officials in treating his injury has left him handicapped. (Id. at 6.)

      Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. In his complaint, plaintiff has not provided any factual allegations concerning the actions of or lack of action by defendant Nepomuceno, the sole defendant named in plaintiff's complaint. Because plaintiff has failed to comply with the

3

requirements of Fed. R. Civ. P. 8(a)(2), his complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff is advised that if he wishes to pursue an Eighth Amendment claim alleging that he received inadequate medical care, he must allege and prove that defendant's "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A defendant's response to the serious medical need must show deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th

Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

Finally, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).[1]

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

---

[1] The allegations of plaintiff's complaint reflect a difference of opinion between plaintiff and prison medical staff and officials as to the proper treatment for the torn biceps, including whether immediate surgery was required. Such a difference of opinion, alone, is insufficient to state a cognizable Eighth Amendment claim.

5

F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On October 18, 2010, plaintiff filed a motion requesting the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 6, 2010 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $5.00. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, filed October 6, 2010, is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's October 18, 2010 motion for the appointment of counsel (Doc. No. 5) is denied without prejudice.

6. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: October 20, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wil2706.14